Filed 12/8/15  P. v. Pintor CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RONNIE REJINO PINTOR,<br><br>    Defendant and Appellant. | B265152<br><br>(Los Angeles County<br>Super. Ct. No. BA190220) |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant, Ronnie Rejino Pintor, appeals from the denial of his motion to correct an unlawful sentence. We appointed counsel to represent defendant on appeal. After examination of the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested we independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) On August 20, 2015, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wished us to consider. No response has been received. We have examined the entire record and identified no issues. Appointed appellate counsel fully satisfied his professional obligations.

We previously discussed the underlying facts in an unpublished opinion. (*People v. Pintor* (Aug. 3, 2005, B176168) [nonpub. opn.].) We affirmed the judgment with some modification as to the abstract of judgment. (*Ibid*.) Defendant was convicted following a jury trial of first degree murder pursuant to Penal Code[1] section 187, subdivision (a) with special circumstances. On June 11, 2004, the trial court imposed a sentence of life without the possibility of parole and a $10,000 restitution fine pursuant to section 1202.4, subdivision (b)(1).

Defendant has not demonstrated the trial court erred in its imposition of the restitution fine. Defendant incorrectly asserted in his motion that he received restitution fines imposed pursuant to sections 1202.4 and 1202.45. Section 1202.45, subdivision (a) provides, "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." Defendant's assertion that he had received a parole revocation restitution fine under section 1202.45 is untrue. The trial court orally stated during sentencing that defendant would not receive a parole revocation restitution fine because parole was not

---

[1] Future statutory references are to the Penal Code.

2

possible.  As stated, defendant received a $10,000 restitution fine under section 1202.4, subdivision (b)(1).  Defendant presents no argument that the restitution fine under section 1202.4, subdivision (b) (1) was unlawful.  (*People v. Hamilton* (2003) 114 Cal.App.4th 932, 939.)

The March 11, 2015 order denying defendant's motion to correct his sentence is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


BAKER, J.